NOTICE:  THIS DOCUMENT CONTAINS SENSITIVE DATA

## NO. D-1-FM-21-004849

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| CRAIGE KEVIN HOWLETT | § | 200TH JUDICIAL DISTRICT |
| AND | § | |
| CORRINE HOWLETT | § | TRAVIS COUNTY, TEXAS |

### Findings of Fact and Conclusions of Law

On August 1 and 2, 2022, this divorce proceeding came before the Court on a trial on the merits. Petitioner Craige Howlett appeared in person and through his attorney of record, Barbara Stroud. Respondent Corrine Howlett appeared in person and through her attorney of record, Christopher Merritt. The record of the testimony was duly reported by Michelle Williamson, the Court Reporter for the 345th Judicial District Court of Travis County, Texas.

On January 9, 2023, the Court signed the Final Decree of Divorce. On January 30, 2023, Petitioner filed a request for Findings of Fact and Conclusions of Law pursuant to TEX. R. CIV. P. 296.

Pursuant to TEX. R. CIV. P. 297, the Court makes the following findings of fact based upon the credible, admissible evidence, and conclusions of law. To the extent that any finding of fact made by this Court should properly be considered a conclusion of law and to the extent that any conclusion of law made by this Court should properly be considered a finding of fact, it is the express intent of the Court that any statement identified herein as a finding of fact also be deemed a conclusion of law and any statement identified herein as a conclusion of law shall also be deemed a finding of fact.

### *Findings of Fact—Dates of Hearings and Trial*

1.    On March 15, 2021, Corrine Howlett and Craige Kevin Howlett signed the Terms of Separation Agreement (Finalized).

2.    On August 10, 2021, Craige Kevin Howlett filed a petition for divorce.

3.    On January 27, 2022, Craige Kevin Howlett filed a Revocation/Repudiation of the Separation Agreement.

4.      On May 31, 2022, Corrine Howlett filed a counter-petition for divorce.

5.      On July 18, 2022, Corrine Howlett filed her Proposed Disposition of Issues, including her Proposed Support Decision.

6.      On July 18, 2022, Craige Kevin Howlett filed his Proposed Disposition of Issues and Proposed Support Decision.

7.      On July 22, 2022, Corrine Howlett issued a subpoena to Comerica Bank requesting that they bring to trial or produce documents so that they could be prepared for trial and used as trial exhibits.

8.      The case was assigned to the Honorable 345th District Court and final trial on this case was held remotely by Zoom due to the pandemic on August 1, 2022, and August 2, 2022.

9.      On August 1, 2022, Craige Kevin Howlett filed a Motion to Exclude Records and Motion for Sanctions.

10.     On August 1, 2022, Craige Kevin Howlett's Motion to Exclude Records and Motion for Sanctions was denied.

11.     On August 2, 2022, the Court rendered the parties divorced and took the division of the property in this matter under advisement.

12.     On August 23, 2022, by email the Court made a ruling on the remaining issues in this matter and requested a draft of an order from Corrine Howlett be submitted to Craige Howlett by September 2, 2022, and then to the Court no later than September 7, 2022.

13.     In its email of August 23, 2022, the Court requested that Corrine Howlett submit a proposed spousal support amount and direction to the evidence supporting it by August 26, 2022, and then Craige Kevin Howlett to respond within three business days of that date and or by August 31, 2022.

14.     On August 26, 2022, Corrine Howlett submitted her request for spousal maintenance and the evidence supporting such. This was later submitted to the clerk on December 8, 2022.

15.     On August 31, 2022, Craige Howlett submitted his position on the amount of spousal maintenance and the evidence supporting such.  This was later submitted to the clerk on December 8, 2022.

16.     On January 9, 2023, the Court signed the Final Decree of Divorce in this case.

17.     On January 30, 2023, Craige Kevin Howlett filed a Request for Findings of Fact and Conclusions of Law.

18.    On February 7, 2023, Craige Kevin Howlett filed a Motion to Modify, Correct, or Reform the Final Decree of Divorce.

### Findings of Fact—Witnesses

19.    On August 1, 2022, and August 2, 2022, the Court heard the testimony of Corrine Howlett, Craige Kevin Howlett, Mary Ann Provance, Shruti Subramanian and Christopher Merritt.

20.    The Court found Corrine Howlett to be a credible witness with respect to the all of the following issues, as well as matters related to these issues: the value of the parties' assets and debts; her claims of separate property; the negotiation of the separation agreement and the drafting of the separation agreement by Craige Kevin Howlett; her agreement to move out of the marital residence based upon other provisions of the separation agreement; the reasons for her waiver of rights to such items as any interest in Craige Kevin Howlett's retirement and support both during and post marriage; the verbal and physical abuse of Craige Kevin Howlett and her concerns about his hiding money; the reasons she is entitled to a disproportionate division of the community estate; the breaches of fiduciary duties by Craige Kevin Howlett, including his fraud; Craige Kevin Howlett's intentional infliction of emotional distress on her and the damages she incurred because of his actions, including medical treatment and future care; Craige Kevin Howlett's conduct, including actual malice justifying exemplary damages; that Craige Kevin Howlett induced her to agree to a one-sided settlement agreement that he had no intention or ability to fulfill, with the promise that she would be taken care of and that Craige Kevin Howlett would help her get back on her feet; that after the parties entered into a contract, containing an offer and acceptance with consideration in the form of the settlement agreement, that Craige Kevin Howlett breached that agreement; and the necessity of hiring an attorney to represent her in this matter and the reasonable and necessary attorneys' fees incurred in this matter and through appeal.

21.    Mary Ann Provance authenticated the following documents which were introduced as trial exhibits:

> R-118 Comerica Bank Statements – Craige K. Howlett or Corrine Ann Howlett – Account ending *7274
> R-119 Comerica Bank Statements – MagicUsers, inc. – Account ending *3081
> R-120 Comerica Bank Statements – Foundation for Anime and Niche Subcultures – Account ending *1558
> R-121 Comerica Bank Statements – Craige Kevin Howlett – Account ending *5197
> R-122 Comerica Bank Statements - Anime Resource Group, Account ending *7188

22.    The Court found Shruti Subramanian to be a credible witness with respect to her testimony that she had notarized both parties' signatures on the finalized version of the Terms of Separation Agreement; that no party appeared to be under duress or appeared to be forced to sign the agreement; and that she had been contacted by Craige Kevin Howlett to arrange the notarization of the agreement.

23.     The Court did not find Craige Kevin Howlett to be a credible witness, including with respect to his testimony concerning the assets and debts of the community estate, his income, and separate property. He admitted he had free use of the funds in the Foundation for Anime and Niche Subcultures account (R-120) for his personal use. Mr. Howlett provided Corrine Howlett and the Court with documents that he knowingly altered and that were inaccurate. He refused to answer many, many questions in order to protect himself from self-incrimination under the Fifth Amendment of the United States Constitution. He also attempted to withdraw certain exhibits after they were admitted into evidence and after he had sworn they were authentic.  The Court found that Craige Kevin Howlett attempted to commit a fraud on the Court by intentionally tampering with and altering documents and knowingly and willfully misstating his sources of income.

24.     Christopher Merritt testified as to the reasonable and necessary attorneys' fees incurred by Corrine Howlett and the reasonable and necessary attorneys' fees for an appeal of this matter.  The Court found Mr. Merritt to be qualified to provide expert testimony on attorneys' fees and expenses, and found his testimony to be credible, including with respect to the reasonable and necessary fees, his need to file motions to compel documents and to subpoena documents from the bank because of Mr. Howlett's falsification of documents and knowing misrepresentations to the Court and to Ms. Howlett, and this extra work causing additional attorneys' fees.

### Findings of Fact—Divorce

25.     Corrine Howlett, Respondent, and Craige Kevin Howlett, Petitioner, were married on November 6, 2006.

26.     At the time of the filing of this suit, Corrine Howlett and Craige Kevin Howlett had been a domiciliary of Texas for six months and a resident of Travis County for ninety days.

27.     The marriage of Corrine Howlett and Craige Kevin Howlett became insupportable because of discord or conflict of personalities that destroyed the legitimate ends of the marital relationship and prevented any reasonable expectation of reconciliation.

28.     There were no children born during the marriage, no children adopted by the parties, and no children expected by Corrine Howlett.

29.     A jury was waived by the parties and all facts and laws were submitted to the Court.

30.     The division of the community estate is just and right and fair and equitable to both parties.

### *Division of the Marital Estate—Factors Considered in Just and Right Division*

31.     The Court took into consideration the following factors in making a determination of a just and right division: fault in the breakup of the marriage; benefits the innocent spouse may have derived from the continuation of the marriage; disparity of earning power of the spouses and their ability to support themselves; health of the spouses; education and future employability of the spouses; community indebtedness and liabilities; tax consequences of the division of property; earning power, business opportunities, capacities, and abilities of the spouses; need for future support; nature of the property involved in the division; wasting of community assets by the spouses; increase in value of separate property through community efforts by time, talent, labor, reimbursement; attorneys' fees to be paid; the size and nature of the separate estates of the spouses; creation of community property by the efforts or lack thereof of the spouses; actual fraud committed by a spouse; and constructive fraud committed by a spouse.

### *Findings of Fact—Presumptions Court Considered*

32.     The Court, in making its rulings, considered the community property presumption – all property acquired during marriage is presumed part of the community estate. Tex. Fam. Code § 3.003.

33.     The Court, in making its ruling, considered the presumption that maintenance is not justified – it is presumed that the award of post-divorce maintenance in a suit for divorce is not justified unless the spouse seeking the maintenance has exercised due diligence in earning sufficient income to meet their reasonable minimum need or developing the necessary skills to become self-supporting during a period of separation. Tex. Fam. Code § 8.053(a).

### *Findings of Fact—Division of Property*

34.     The division of the property and debts of Corrine Howlett and Craige Kevin Howlett effected by the final judgment is just and right, having due regard for the rights of each party, irrespective of the characterization of any item of property and debt as either community or separate.

### *Findings of Fact—Division of the Marital Estate—Family Code § 6.711*

### *Findings of Fact—Community Property*

35.     The values contained herein with respect to community assets are as of the dates contained in the parties' various spreadsheets presented to the Court for which were entered into evidence and stated to be the value of the assets as of the date of trial on August 1, 2022, and August 2, 2022. There was credible evidence to support the following:

        A.     Two Disney Timeshares – Under contract
                FMV: -2,252.25
                This obligation and debt is awarded to Craige Kevin Howlett

B.     Bank Account/Brokerage Account/Cash

    i.     Comerica Business account ending ***3081
          Value: $1,824.24
          This account is awarded to Craige Kevin Howlett.

    ii.    Woodforest Bank Checking account ending ***1056
          Value: $2,761.05
          This account is awarded to Craige Kevin Howlett.

    iii.   RBFCU account ending ***0633
          Value: $2.18
          This account is awarded to Corrine Howlett.

    iv.    RBFCU account ending ***0642
          Value: $162.62
          This account is awarded to Corrine Howlett.

    v.     Husband's Venmo account
          Value: $0.00
          This account is awarded to Craige Kevin Howlett.

    vi.    Comerica account ending ***1558
          Value: $253,092.34
          The Court finds that Craige Kevin Howlett had use of this
          account and those funds for his personal use and expenses
          based on his history of use of those funds and taking the "Fifth"
          and his refusal to answer questions about that account.
          This account is awarded to Craige Kevin Howlett.

C.     Vehicles

The credible evidence supports the following:

    i.     2017 Hyundai
          FMV: $15,902
          This car is awarded to Craige Kevin Howlett.

    ii.    2015 Lexus GX
          FMV: $31,609
          This car is awarded to Corrine Howlett.

D.    Retirement Accounts

    i.    TexasSaver 401k in the name of Husband
        FMV: $78,545.99
        This asset is awarded to 50% to Corrine Howlett and 50% to
        Craige Kevin Howlett

    ii.    Defined benefit plan with ERS
        FMV: Cash is $50,353.54
        This asset is awarded to 50% to Corrine Howlett and 50% to
        Craige Kevin Howlett

E.    Other Assets

    i.    Household furnishings in possession of Corrine Howlett.
        FMV: $5,000
        This asset is awarded to Corrine Howlett

    ii.    Household furnishings in possession of Craige Kevin Howlett
        FMV: $20,000
        This asset is awarded to Craige Kevin Howlett

    iii.    Computers and electronics in possession of Corrine Howlett
        FMV: $1,000
        This asset is awarded to Corrine Howlett

    iv.    Computers and electronics in possession of Craige Kevin
        Howlett
        FMV: $10,000
        This asset is awarded to Craige Kevin Howlett

    v.    Business known as Tees and Threads and embroidery
        machines
        FMV: $1,000
        This asset is awarded to Corrine Howlett

    vi.    Interest in Anime Resource Group
        Amounts in Bank Accounts
        This asset is awarded to Craige Kevin Howlett

    vii.    Interest in MagicUsers, Inc.
        Amounts in Bank Accounts
        This asset is awarded to Craige Kevin Howlett

*Findings of Fact—Debts*

36.    The values contained herein with respect to debts are as of the dates contained in the parties' various spreadsheets presented to the Court for which were entered into evidence and stated to be the value of the debts as of the date of trial on August 1, 2022, and August 2, 2022. There was credible evidence to support the following:

a.    Wife's American Express Credit Card account ending ***1004
Value: -$11,782.53
Such debt is awarded to Corrine Howlett

b.    Wife's Apple Credit Card, account ending ***8898
Value: -$8,428.08
Such debt is awarded to Corrine Howlett

c.    Wife's Capital One Credit Card account ending ***1913
Value: -$5,792.71
Such debt is awarded to Corrine Howlett

d.    Wife's Capital One Credit Card, account ending ***7536
Value: -$920.08
Such debt is awarded to Corrine Howlett

e.    Wife's Credit One Credit Card account ending ***0067
Value: -$1,492.02
Such debt is awarded to Corrine Howlett

f.    Wife's Credit One MasterCard Credit Card, account ending ***1082
Value: -$1,285.77
Such debt is awarded to Corrine Howlett

g.    Wife's Mlife/MGM Rewards Credit Card account ending ***8610
Value: -$5,499.52
Such debt is awarded to Corrine Howlett

h.    Wife's CareCredit Credit Card, account ending ***1019
Value: -$3,383.37
Such debt is awarded to Corrine Howlett

i.    Wife's Citibank Credit Card account ending ***3784
Value: -$572.09
Such debt is awarded to Corrine Howlett

j.    Wife's Version Card, account ending ***2183
Value: -$1,687.58
Such debt is awarded to Corrine Howlett

k.     Husband's Capital One, account ending ***2129
       Value: -$7,365.29
       Such debt is awarded to Craige Kevin Howlett

l.     Husband's Capital One Platinum Credit Card, account ending ***2991
       Value: -$0.00
       Such debt is awarded to Craige Kevin Howlett

m.    Husband's Capital One Walmart Credit Card, account ending ***8919
       Value: -$0.00
       Such debt is awarded to Craige Kevin Howlett

n.     Husband's Credit One Credit Card, account ending ***4228
       Value: -$8.33
       Such debt is awarded to Craige Kevin Howlett

o.     Husband's Credit One Credit Card, account ending ***1377
       Value: -$5.03
       Such debt is awarded to Craige Kevin Howlett

p.     Husband's Barclay's Luxury Card Black, account ending ***3005
       Value: -$14,467.75
       Such debt is awarded to Craige Kevin Howlett

e.     Husband's Merrick Bank, account ending *4759
       Value: -$0.00
       Such debt is awarded to Craige Kevin Howlett

f.     Husband's Williams Sonoma Credit Card, account ending 5529
       Value: -$0.00
       Such debt is awarded to Craige Kevin Howlett

g.     Husband's Apple Credit Card, account ending *2686
       Value: -$13,519.68
       Such debt is awarded to Craige Kevin Howlett

h.     Husband's Dell Financial Services, account ending *1678
       Value: $1,942.49
       Such debt is awarded to Craige Kevin Howlett

h.     Husband's Synchrony Sam's, account ending *1634
       Value: $0.00
       Such debt is awarded to Craige Kevin Howlett

### *Findings of Fact—Spousal Maintenance—Family Code §§ 8.051–.054*

37.     There was credible evidence that Corrine Howlett will lack sufficient property, including her separate property, on dissolution of the marriage to provide for her minimum reasonable needs.

38.     There was credible evidence that the duration of the marriage was ten years or longer, and Corrine Howlett lacks the ability to earn sufficient income to provide for her minimum reasonable needs.

39.     There was credible evidence that Corrine Howlett is unable to earn sufficient income to provide for her minimum reasonable needs because of an incapacitating physical disability.

40.     There was credible evidence that Corrine Howlett has an ongoing incapacitating physical disability.

41.     There was credible evidence that Corrine Howlett has exercised diligence in developing the necessary skills to provide for her minimum reasonable needs during a period of separation and during the time the suit for dissolution of marriage was pending.

42.     The following factors were taken into consideration in determining the nature, amount, duration, and manner of periodic payments:

    a.     each spouse's ability to provide for that spouse's minimum reasonable needs independently, considering that spouse's financial resources on dissolution of the marriage;

    b.     the education and employment skills of the spouses, the time necessary to acquire sufficient education or training to enable the spouse seeking maintenance to earn sufficient income, and the availability and feasibility of that education or training;

    c.     the duration of the marriage;

    d.     the age, employment history, earning ability, and physical and emotional condition of the spouse seeking maintenance;

    e.     the effect on each spouse's ability to provide for that spouse's minimum reasonable needs while providing periodic child support payments or maintenance, if applicable;

    f.     acts by either spouse resulting in excessive or abnormal expenditures or destruction, concealment, or fraudulent disposition of community property, joint tenancy, or other property held in common;

g.       the contribution by one spouse to the education, training, or increased earning power of the other spouse;

h.       the property brought to the marriage by either spouse;

i.       the contribution of a spouse as homemaker;

j.       marital misconduct, including adultery and cruel treatment, by either spouse during the marriage; and

k.       any history or pattern of family violence, as defined by Section 71.004.

43.     Corrine Howlett and Craige Kevin Howlett were married for at least ten years but not more than twenty years.

44.     Corrine Howlett's ability to provide for her minimum reasonable needs is substantially or totally diminished because of her physical condition.

45.     The average monthly gross income of Craige Kevin Howlett is equal or greater than $25,000.

### *Findings of Fact—Judgment for Just and Right Division – Judgment 1*

46.     The Court found credible evidence that Craige Kevin Howlett breached his fiduciary duty to Corrine Howlett.

47.     There was credible evidence that Craige Kevin Howlett, as Corrine Howlett's spouse, had a fiduciary relationship with and a fiduciary duty to Corrine Howlett. As a result of their fiduciary relationship, Corrine Howlett reposed a special confidence in Craige Kevin Howlett, and Craige Kevin Howlett had a duty in equity and good conscience to act in good faith and with due regard for Corrine Howlett's interests. Craige Kevin Howlett, in violation of his duty to Corrin Howlett, has breached his duty to Corrie Howlett by withdrawing his consent to the separation agreement and attempting to rescind the agreement.

48.     There is credible evidence that Craige Kevin Howlett, in violation of his fiduciary duty to Corrin Howlett, has breached his duty to Corrie Howlett by producing falsified financial statements in response to discovery and introducing them into evidence, and by hiding significant sums of money from Corrine Howlett for his personal gain.

49.     In the Final Decree of Divorce the Court awarded the family homestead of the parties to Craige Kevin Howlett.

50.     There was credible evidence to support the Court awarding Corrine Howlett a judgment in the amount of $250,000 against Craige Kevin Howlett to achieve a just and right division of the community estate.

51.    Based upon the credible, admissible evidence, the Court imposed an encumbrance for owelty of partition against the family homestead for Judgment 1.

### Findings of Fact—Judgment for Fraud on the Community Estate – Judgment 2

52.    The Court found credible evidence that Craige Kevin Howlett committed fraud on the community estate.

53.    There is credible evidence that Craige Kevin Howlett plotted and carried out a plan to actually defraud Corrine Howlett, the community estate and Craige Kevin Howlett's separate estate. Craige Kevin Howlett made material representations to Corrine Howlett that were false. Craige Kevin Howlett knew these representations were false, or Craige Kevin Howlett made them recklessly without knowledge of their truth and as a positive assertion. Craige Kevin Howlett made these representations with the intention that Corrine Howlett would act on them. Corrine Howlett acted in reliance on these representations and as a consequence of her reliance, suffered injury and damages.

54.    Craige Kevin Howlett has defrauded Corrine Howlett by breaching a legal and/or equitable duty owed Corrine Howlett because of their fiduciary relationship. That breach is fraudulent because, irrespective of Craige Kevin Howlett's moral guilt, the breach committed by Craige Kevin Howlett had a tendency to deceive Corrine Howlett and to violate Corrine Howlett's confidence or to injure the public interest.

55.    There is credible evidence that these acts constitute actual damage to Corrine Howlett's separate estate in the amount of the amounts and right she was to receive had Craige Kevin Howlett complied with the separation agreement.

56.    There was credible evidence to support the Court awarding Corrine Howlett a judgment (Judgment 2) in the amount of $250,000 against Craige Kevin Howlett for fraud on the community estate committed by Craige Kevin Howlett.

57.    Based upon the credible, admissible evidence, the Court imposed an equitable lien against the family homestead for Judgment 2.

58.    Based upon the credible, admissible evidence, the Court found that Judgment 2 was part of the just and right division of the community property.

### Findings of Fact—Judgment for Fraudulent Inducement – Judgment 3

59.    The Court found there to be credible evidence that on or about March 15, 2021, Craige Kevin Howlett fraudulently induced Corrine Howlett to enter into a separation agreement that Craige Kevin Howlett had no intention to fulfil and induced Corrine Howlett to move out of the marital residence and give up certain rights and benefits she would have had but for the agreement.

60.     The Court found credible evidence that Corrine Howlett suffered damages in the amount of $250,000 due to Craige Kevin Howlett's actions.

61.     The Court found credible evidence that Corrin Howlett was entitled to judgment against Craige Kevin Howlett and entered a judgment (Judgment 3) in the amount of two hundred fifty thousand dollars ($250,000.00), with interest at the rate of 5 percent per year, until paid in full, including accrued interest, in satisfaction of Corrine Howlett's claim for fraudulent inducement.

### Findings of Fact—Judgment for Exemplary Damages – Judgment 4

62.     There is credible evidence that the conduct committed by Craige Kevin Howlett, including but not limited to hiding assets, providing falsified documents to Corrine Howlett and the Court, falsifying bank statements, providing false testimony to the Court, inducing Corrine Howlett to sign an agreement to get her out of the marital residence are each the type of conduct evidencing actual malice on Craige Kevin Howlett's part that allows the imposition of exemplary damages.

63.     There was clear and convincing evidence that the conduct committed by Craige Kevin Howlett against Corrine Howlett is the type of conduct evidencing actual malice on Craige Kevin Howlett's that was conscious and deliberate on his part that allows the imposition of exemplary damages.

64.     Based on the credible, admissible evidence, the Court awarded Corrine Howlett a judgment in satisfaction of Corrine Howlett's claim for exemplary damages against Craige Kevin Howlett in the amount of two hundred fifty thousand dollars ($250,000.00), with interest at the rate of 5 percent per year, compounded annually from the date of judgment, until paid in full, including accrued interest. (Judgment 4).

### Division of the Marital Estate—Attorneys' Fees

65.     There was credible evidence that Corrine Howlett had incurred $50,855.44 in reasonable and necessary attorneys' fees and expenses.

66.     The Court found that there was credible evidence that Corrine Howlett would incur the following additional reasonable and necessary attorney0's fees should the following events occur:

|     |     |     |
| --- | --- | --- |
| a. | Findings of Fact Requested | $ 3,500.00 |
| b. | Motion for New Trial/Motion for Reconsideration | $ 10,000.00 |
| c. | Filing of Notice of Appeal/Briefing in the Court of Appeals Notice | $ 35,000.00 |
| d. | Representation For Oral Argument in the Court of Appeals | $ 5,000.00 |
| e. | Petition for Review stage in the Supreme Court of Texas | $ 15,000.00 |

 f. Merits Briefing stage in the
  Supreme Court of Texas       $ 15,000.00

 67. There was credible evidence to support that good cause existed to award Corrine Howlett a judgment for $50,855.44 against Craige Kevin Howlett for attorneys' fees incurred in this case.

 68. There was credible evidence to support that good cause existed to award Corrine Howlett the following attorneys' fees in this case if she is successful in the following:

  a. Corrine Howlett was awarded a judgment for attorney's fees in the amount of $3,500 against Craige Kevin Howlett, conditioned upon Craige Kevin Howlett's filing of a request for findings of fact and conclusions of law in this matter. This judgment shall be due on the date of the filing of the request for findings of fact and shall bear interest at 5.00% per year compounded annually from the date of judgment.

  b. Corrine Howlett was awarded a judgment for attorneys' fees in the amount of $10,000 against Craige Kevin Howlett, conditioned upon Craige Kevin Howlett's filing of an unsuccessful motion for new trial, motion for reconsideration or similar request to review the final judgment in this matter. This judgment shall be due on the date of the filing of the request for new trial, motion for reconsideration or similar request to review the final judgment in this matter and shall bear interest at 5.00% per year compounded annually from the date of judgment.

  c. Corrine Howlett was awarded a judgment for attorneys' fees in the amount of $35,000 against Craige Kevin Howlett, upon Craige Kevin Howlett's filing of an unsuccessful appeal of this matter to the Court of the Appeals. This judgment shall be due on the filing of the mandate by the Court of Appeals and shall bear interest at 5.00% per year compounded annually from the date of judgment.

  d. Corrine Howlett was awarded a judgment for attorneys' fees in the amount of $15,000 against Craige Kevin Howlett, upon Craige Kevin Howlett's filing of a petition for review to the Supreme Court of Texas in this matter if his appeal is unsuccessful. This judgment shall be due on the date of the ruling by the Supreme Court of Texas and shall bear interest at 5.00% per year compounded annually from the date of judgment.

  e. Corrine Howlett was awarded a judgment for attorneys' fees in the amount of $15,000 against Craige Kevin Howlett, if briefing is requested at the Texas Supreme Court level in this matter if Craige Kevin Howlett's appeal is unsuccessful. This judgment shall be due on the date of ruling by the Texas Supreme Court and shall bear interest at 5.00% per year compounded annually from the date of judgment.

69.    There was credible evidence to deny Craige Kevin Howlett's request for attorney's fees.

### Findings of Fact—Income Taxes

70.    The Court found credible evidence that the Craige Kevin Howlett should be ordered to solely pay for the income taxes of the parties through December 31, 2021, and that this was agreed to by the parties in the separation agreement.

71.    The Court found that there was credible evidence that each party should be required to pay the taxes on their own income for tax year 2022.

72.    There was credible evidence presented that the "Income Taxes" provision contained on pages 14 through 16 of the Final Decree of Divorce is just and right and fair and equitable to both parties.

### Findings of Fact—Transfer and Delivery of Property

73.    There was credible evidence presented that the "Transfer and Delivery of Property" provision contained on page 17 and 18 of the *Final Decree of Divorce* is just and right and fair and equitable to both parties.

### Findings of Fact—Separate Property

74.    The Court finds that there was clear and convincing evidence to support that property that has been previously designated as the separate property of the parties herein is in fact separate property.

75.    There was credible evidence that met the burden of clear and convincing evidence presented to support that the following real property is separate property:

Lot 23, Block 1, of Fairways of Blackhawk Phase VII, A Subdivision in Travis County, Texas According to the Map or Plat of Recorded in Volume 92, Page 43-454, of the Plat Records of Travis County Texas, more commonly known as 19220 Ventana Ct., Pflugerville, Texas 78660.

This real property was proven to be the separate property of Craige Kevin Howlett, however, the community estate owned an interest in the residence due to the payment of the mortgage and other payments on the residence.

### Findings of Fact—Continuation of Health Insurance

76.    There was credible evidence that the "Continuance of Health Insurance" provision contained on page 18 of the *Final Decree of Divorce* is just and right and fair and equitable to both parties.

### *Findings of Fact—Court Costs*

77.    There was credible evidence presented that the "Court Costs" provision contained on page 18 of the *Final Decree of Divorce* is just and right and fair and equitable to both parties.

### *Findings of Fact—Resolution of Temporary Orders*

78.    There was credible evidence presented that the "Resolution of Temporary Orders" provision contained on page 19 of the *Final Decree of Divorce* is just and right and fair and equitable to both parties.

### *Findings of Fact—Discovery Retention Requirement*

79.    There was credible evidence presented that the "Discovery Retention Requirement" provision contained on page 19 of the *Final Decree of Divorce* is just and right and fair and equitable to both parties.

### *Findings of Fact—Relief Not Granted*

80.    There was credible evidence presented that the "Relief Not Granted" provision contained on page 18 of the *Final Decree of Divorce* is just and right and fair and equitable to both parties.

81.    There was not credible evidence that any other relief that was requested but not ordered would have been just and right and fair and equitable to the parties.

### *Conclusions of Law—Divorce*

1.    The Counter-Petition for Divorce filed by Corrine Howlett and the petition for divorce filed by Craige Kevin Howlett are in due form and contain all the allegations required by law.

2.    This Court has jurisdiction of the parties and of the subject matter of this case.

3.    All legal prerequisites to granting a divorce have been met.

4.    The divorce is granted on the ground of insupportability.

### *Conclusions of Law—Spousal Maintenance*

5.    Craige Kevin Howlett should pay spousal maintenance in the amount of $5,000 per month.

### *Conclusions of Law—Division of Marital Estate*

6.      The division of the property of Corrine Howlett and Craige Kevin Howlett effected by the final judgment is just and right, having due regard for the rights of each party, irrespective of the characterization of any item of property as either community or separate.

### *Conclusions of Law—Spousal Maintenance*

7.      Craige Kevin Howlett should pay spousal maintenance in the amount of $5,000 per month for a period of five years.

### *Conclusions of Law—Division of Marital Estate—Property Agreements*

8.      The marital property agreement executed by Corrine Howlett and Craige Kevin Howlett on March 15, 2021, is a valid and enforceable agreement.

### *Conclusions of Law—Separate Property*

9.      The following is confirmed as the separate property of Craige Kevin Howlett having presented clear and convincing evidence of the separate property nature of the property:

> Lot 23, Block 1, of Fairways of Blackhawk Phase VII, A Subdivision in Travis County, Texas According to the Map or Plat of Recorded in Volume 92, Page 43-454, of the Plat Records of Travis County Texas, more commonly known as 19220 Ventana Ct., Pflugerville, Texas 78660

### *Conclusions of Law—Attorneys' Fees*

10.      The attorneys' fees and expenses awarded by the Court (both at trial and on appeal) are reasonable and necessary.

### *Conclusions of Law—Relief*

11.      All relief that was not expressly granted is denied.


SIGNED on March 2, 2023.


_____
Ian Soifer, Judge Presiding