United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOUNDATION FOR ANIME AND NICHE SUBCULTURES,<br><br>Plaintiff,<br><br>v.<br><br>TEXAS ANIME CONVENTIONS, et al.,<br><br>Defendants. | Case No. 5:24-cv-07120-PCP<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 42, 44 |

In this lawsuit, Foundation for Anime and Niche Subcultures (FANS) brings claims for conversion and unjust enrichment against defendants Texas Anime Convention (TAC), Melissa Henderson, and Corrine Howlett. The claims arise from the alleged misappropriation of FANS's funds and their diversion to TAC. Defendants now move to dismiss FANS's claims for lack of personal jurisdiction.[1] For the following reasons, the Court grants the motions to dismiss.

## BACKGROUND

FANS is a California nonprofit public benefit corporation whose principal business is to promote appreciation of Asian culture, media, and underrepresented subcultures. TAC is a Texas nonprofit whose principal business is running conventions. Henderson is the founder and director of TAC and a resident of Texas. Corrine Howlett is the former CEO of TAC and a resident of Virginia. Craige Howlett, who is not a party to this lawsuit, previously served as the volunteer Chief Financial Officer of FANS. Corrine Howlett and Craige Howlett were previously married.[2]

In August 2022, FANS discovered that Craige Howlett had been misappropriating funds

---

[1] Pro se defendant Corrine Howlett filed her motion as a motion for declaratory judgment. Based on its substantive arguments, the Court will construe it as a motion to dismiss.

[2] For clarity, the Court will refer to Corrine Howlett and Craige Howlett by their full names.

from FANS. FANS believes that Craige Howlett misappropriated more than $656,000 between September 2020 and August 2022. During that period, Craige Howlett also served as a corporate representative of TAC, in which role he managed TAC's finances. FANS alleges that Craige Howlett diverted some of the misappropriated FANS funds to TAC. Corrine Howlett also served as a corporate representative of TAC at that time. She was allegedly aware that her then-husband was misappropriating funds from FANS and that some of those funds were diverted to TAC, and she allegedly used misappropriated FANS funds for her own personal benefit. Additionally, FANS alleges that TAC used some of the funds misappropriated from FANS to finance an unrelated defamation lawsuit brought by Henderson and TAC against several other parties.

FANS brings claims against TAC, Henderson, and Corrine Howlett for conversion and unjust enrichment. Defendants now move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2).[3]

## LEGAL STANDARDS

Federal Rule 4(k)(1)(A) provides that, in the absence of a federal statute governing personal jurisdiction, "the district court applies the law of the state in which the district court sits." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Since "California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Id.* at 800–01.

In order for a court to exercise personal jurisdiction over a particular defendant, due process requires that the defendant have "minimum contacts" with the chosen forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice."

---

[3] FANS asserts that the Court should not consider Corrine Howlett's motion to dismiss because it is untimely. Under Federal Rule of Civil Procedure 12(b), "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Corrine Howlett filed answers to FANS's first amended complaint on December 30, 2024 and January 2, 2025. *See* Dkt. Nos. 34 & 36. Consequently, FANS contends, Corrine Howlett waived her right to subsequently move to dismiss. Both of the "answers" that Corrine Howett filed, however, were letters to the Court primarily concerned with the challenges of defending this litigation pro se. Given the Court's duty to construe pro se filings liberally, *see Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (as amended) (June 5, 2001), the Court will construe Corrine Howlett's "answers" as letters to the Court and her motion to dismiss as her first responsive pleading.

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (cleaned up). The "minimum contacts" required by due process depend on whether a court is exercising general or specific jurisdiction.

General jurisdiction extends to all claims that might be asserted against a defendant and thus requires a substantial degree of contact with the forum. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). "A court may assert general jurisdiction over foreign … corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* at 919. For corporations, the "paradigm" bases for general jurisdiction are "the place of incorporation and principal place of business," although operations in another state might also be "so substantial and of such a nature as to render the corporation at home in that State." *Daimler AG v. Bauman*, 571 U.S. 117, 137, 139 n.19 (2014).

Specific jurisdiction "covers defendants less intimately connected with a State, but only as to a narrower class of claims." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 352 (2021). District courts in California apply a three-part test to determine whether they can exercise specific personal jurisdiction over a defendant: (1) the non-resident defendant must purposefully direct its activities or consummate some transaction with the forum or resident thereof, or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice. *See, e.g., Core-Vent Corp. v. Nobel Indus., AB*, 11 F.3d 1482, 1485 (9th Cir. 1993).

For purposes of the test's first part, "availment and direction are, in fact, two distinct concepts." *Schwarzenegger*, 374 F.3d at 802. A showing of purposeful availment "typically consists of evidence of the defendant's actions in the forum," whereas a showing of purposeful direction "usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum state." *Schwarzenegger*, 374 F.3d at 802–803. Whether a court applies the purposeful availment or purposeful direction test depends on the nature of the claim. *Id.* at 802.

3

1  Generally, courts apply the purposeful direction test for tort claims and the purposeful availment
2  test for claims sounding in contract. *Nichols v. Guidetoinsure, LLC*, No. 23-CV-04920-PCP, 2024
3  WL 1643701, at *2 (N.D. Cal. Apr. 15, 2024); *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th
4  Cir. 2008).

5  In opposing a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the
6  plaintiff has the burden to prove that the Court's exercise of personal jurisdiction over the moving
7  defendant is appropriate. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). On such a motion,
8  the Court can consider evidence contained in affidavits and is not limited to the allegations of the
9  plaintiff's complaint. *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).

## ANALYSIS

FANS does not assert that any of the defendants are subject to general jurisdiction in California. It contends that they are, however, subject to specific jurisdiction.

FANS asserts claims for conversion, a tort, and unjust enrichment, which, in California, sounds in quasi-contract. *See Continental Cas. Co. v. Enodia Corp.*, 417 Fed. Appx. 668, 670 (9th Cir. 2011). The purposeful direction test, which generally applies to claims sounding in tort, requires the defendant to have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1162–63 (9th Cir. 2023); *see also Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015). The purposeful availment test, which generally applies to claims sounding in contract, requires the defendant to "have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Boschetto v. Hansing*, 539 F.3d 1011, 1016–17 (9th Cir. 2008) (cleaned up).

FANS does not allege that any of the defendants' conduct meets the requirements of the purposeful availment test. Accordingly, the Court applies only the purposeful direction test.

**I.   TAC and Henderson**

FANS contends that TAC and Henderson meet the requirements of the purposeful direction test because Craige Howlett was acting as an authorized agent of TAC, which was an alter ego of Henderson, when he misappropriated funds from FANS, a California corporation.

4

FANS maintains that Craige Howlett was an agent of TAC because at the time he misappropriated funds from FANS and conveyed some of those funds to TAC, he served as a volunteer member of TAC's board, at some point controlling all of the organization's finances. Additionally, in a declaration in another lawsuit, Craige Howlett stated, "I am a corporate representative of Texas Anime Conventions. I work with Melissa Henderson."

The Court need not determine whether Craige Howlett purposefully directed his actions towards California because FANS has failed to plead or prove facts showing that Craige Howlett was acting as an agent of TAC when he misappropriated funds from FANS and transferred those funds to TAC.

An agency relationship is created when one entity—the agent—possesses actual or apparent authority to represent another entity—the principal—in dealings with third persons. *Frankl v. HTH Corp.*, 650 F.3d 1335, 1367 (9th Cir. 2011). "An agency relationship may be created through actual or apparent authority. Actual authority arises through the principal's assent that the agent take action on the principal's behalf .... Apparent [or ostensible] authority arises by a person's manifestation that another has authority to act with legal consequences for the person who makes the manifestation, when a third party reasonably believes the actor to be authorized and the belief is traceable to the manifestation." *Mavrix Photographs, LLC v. Livejournal, Inc.*, 873 F.3d 1045, 1054 (9th Cir. 2017) (cleaned up). A principal may be vicariously liable for acts of its agents that fall within the scope of their authority. *Meyer v. Holley*, 537 U.S. 280, 280 (2003). Vicarious liability is limited to the scope of responsibility that is actually or apparently authorized. *Am. Soc. of Mech. Eng'rs, Inc. v. Hydrolevel Corp.*, 456 U.S. 556, 566 (1982).

In his role as a corporate officer for TAC, Craige Howlett may have been an authorized agent of TAC for certain purposes. But FANS has not pleaded or proved facts showing that the scope of Craige Howlett's agency extended to misappropriating funds from FANS. FANS has not alleged that TAC explicitly authorized Craige Howlett to misappropriate funds from FANS on its behalf. Nor does FANS plead facts that support a theory of apparent authority, which requires not only that FANS had a reasonable belief that Craige Howlett was TAC's agent but also that this

5

belief *caused* its injury. FANS has not alleged that funds were misappropriated from FANS because of its reliance on the belief that Craige Howlett was TAC's agent. Nor could it. FANS alleges that Craige Howlett was responsible for finances at both organizations and transferred funds from FANS to TAC. The transfer of funds to TAC was thus due not to any belief that Craige Howlett was TAC's agent, but rather to the simple fact that he was responsible for finances at FANS.

Because FANS has not pleaded or proved that TAC or Henderson, on their own or through an agent, purposefully directed their conduct toward California or purposefully availed themselves of the privilege of conducting activities in that state, the Court cannot exercise personal jurisdiction over TAC or Henderson.

## II.     Corrine Howlett

FANS contends that Corrine Howlett meets the requirements of the purposeful direction test because she received funds from her then-husband Craige Howlett that she knew were illegally taken from FANS, which she is alleged to have known was a California entity. FANS relies on *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104 (9th Cir. 2002), for the proposition that an act is expressly aimed at the forum state "when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." 303 F.3d at 1111. *Dole*, however, was superseded by *Walden v. Fiore*, 571 U.S. 277 (2014), which held that "[f]or a State to exercise jurisdiction consistent with due process, [the relationship between the defendant, the forum, and the litigation] … must be analyzed with regard to the defendant's contacts with the *forum itself*, not with persons residing there. The plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 277 (emphasis added). Under *Walden*, "the mere knowledge that a plaintiff lives in a particular place is not enough to establish express aiming." *X Corp. v. Ctr. for Countering Digital Hate Ltd.*, 724 F. Supp. 3d 921, 941 (N.D. Cal. 2024); *see also Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017) (cleaned up) ("The [Supreme] Court made clear that we must look to the defendant's 'own contacts' with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum.").

6

The only facts that FANS has pleaded to show that Corrine Howlett engaged in conduct expressly aimed at California is that she received funds she knew came from FANS, which she knew was based in California. That is not enough to show express aiming. Knowingly receiving funds misappropriated from a forum-state entity is not, on its own, an act expressly aimed at the forum state. *Cf. X Corp.*, 724 F. Supp. 3d at 941 ("[M]erely receiving generalized donations from California donors, and not aiming any activity at the forum specifically, cannot confer jurisdiction."). Even if Craige Howlett's conduct may have been expressly aimed at California, "it is the defendant, not the plaintiff or third parties, who must create contacts with the forum State." *Levi Strauss & Co. v. Connolly*, No. 22-CV-04106-VKD, 2023 WL 2347433 (N.D. Cal. Mar. 2, 2023); *see Walden*, 571 U.S. at 277 (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985)) ("For a State to exercise jurisdiction consistent with due process, that relationship must arise out of contacts that the 'defendant *himself*' creates with the forum").

Because FANS has not pleaded or proved that Corrine Howlett expressly aimed any conduct at California, the Court also cannot exercise personal jurisdiction over her.

## CONCLUSION

For the foregoing reasons, the Court grants defendants' motions to dismiss. The dismissal is without prejudice and without leave to amend.

**IT IS SO ORDERED.**

Dated: March 4, 2025

P. Casey Pitts
United States District Judge

7